UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-1325-SPM |
| ) | |
| UNKNOWN JONES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Michael A. Murphy for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified inmate account statement in support of the instant motion, and the Court entered an order directing him to do so. In response, plaintiff filed correspondence in which he stated that his case worker would not give him a copy of the statement. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable under these circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount.).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court

2

must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Unknown Jones, a corrections officer, and "D.O.C.," presumably a reference to the Missouri Department of Corrections. Plaintiff sues Jones in an individual capacity. At present, plaintiff is incarcerated in the Algoa Correctional Center, but the events giving rise to his claims occurred in July of 2018 while he was incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC").

3

According to the complaint, during the week of July 8 to July 14, Jones came to plaintiff's cell door and asked to see plaintiff's face "to make sure my cell mate aint got up in my ass." (Docket No. 1 at 5). Plaintiff replied that no one was "whooping" him, but Jones said "no I'm talking about getting in your ass sexually." *Id.* On July 15, Jones approached plaintiff in the chow hall as he stood in line for dinner and said something plaintiff did not understand. Plaintiff told Jones he should cut his hair, and Jones replied that his boyfriend liked to pull on his hair during sex. An inmate standing nearby said, "if I don't believe nothing you said I believe that," and Jones said "I wouldn't lie to you." *Id.* During these conversations, Jones used profanity.

On July 16, as plaintiff was in the chow hall filling a cup with water, Jones said "don't avoid me I'm still gone get in your ass." *Id.* at 6. On July 18 during the 5:00 p.m. count, Jones came to plaintiff's cell door, looked at plaintiff while licking his lips and winking, and asked plaintiff how he was doing. Plaintiff told Jones to stop playing with him like that, and Jones replied "or what you gone beat it up like Tyson sexually I'm ready." *Id.* Plaintiff did not respond. Later on that same date, while in the chow hall, Jones told plaintiff "I'm gone get in your ass." *Id.* Plaintiff told Jones to stop playing and stated that he was not gay, and Jones repeated his statement.

Plaintiff left the chow hall, and told corrections officer Bennett that Jones was sexually harassing him. Plaintiff also called the Prison Rape Elimination Act hotline. Another corrections officer noticed this, and took plaintiff to an office to wait for Bennett, and when she arrived, plaintiff completed an incident report. Elsewhere in the complaint, plaintiff states that Bennett failed to file a report when he first told her what was happening. Plaintiff also alleges that the D.O.C. failed to separate him from Jones. Plaintiff states that the grievance process is still ongoing.

4

As relief, plaintiff seeks $25,000,000 in damages "because Officer Jones and D.O.C. kept me in an unsafe environment with my abuser." *Id.* at 8.

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. 42 U.S.C. § 1983, *West v. Atkins*, 487 U.S. 42, 48 (1988). In the case at bar, plaintiff can be understood to assert claims under the Eighth Amendment, which prohibits cruel and unusual punishment and provides a "right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Allegations of sexual harassment or abuse may state a claim under the Eighth Amendment. *See Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998). To prevail on a constitutional claim of sexual harassment or abuse, a plaintiff must, *inter alia*, subjectively demonstrate that the defendant acted with a sufficiently culpable state of mind. *Frietas*, 109 F.3d at 1338. This requires the plaintiff to show that the defendant acted with deliberate indifference to his health or safety. *Berryhill*, 137 F.3d at 1076-77.

Here, plaintiff's claim of sexual harassment is predicated upon Jones making sexually suggestive statements to plaintiff, and looking at him while licking his lips and winking. Plaintiff does not allege that Jones touched him or otherwise made, or attempted to make, any sort of physical contact with him. Jones's statements and conduct may certainly be considered unprofessional. However, they do not support a viable constitutional claim. The Eighth Circuit has specifically held that verbal sexual harassment, "absent contact or touching," is insufficient to establish an Eighth Amendment violation. *Howard v. Everett*, 208 F.3d 218 (8th Cir. 2000)

5

(unpublished table decision); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (general harassment and verbal harassment are not actionable under 42 U.S.C. § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (allegations of verbal abuse or threats, without more, are not constitutional violations cognizable under 42 U.S.C. § 1983).

Plaintiff has also named the Missouri Department of Corrections as a defendant. However, the Missouri Department of Corrections is an entity of the State of Missouri, *see Walker v. Missouri Dept. of Corrections*, 213 F.3d 1035, 1036 (8th Cir. 2000), and is therefore not a "person" subject to suit under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). It also has Eleventh Amendment immunity, and is not subject to an action for damages or equitable relief. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).

Plaintiff did not name corrections officer Bennet as a defendant in this action, but he does state that she failed to file a report. To the extent plaintiff can be understood to proceed against Bennett for failing to investigate or process a grievance, such allegations do not state substantive constitutional claims. There is no federally-protected right to a prison grievance procedure, and neither a state law nor a state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court has determined that this action must be dismissed. Plaintiff composed the complaint in a logical fashion, and clearly sets forth his allegations against Jones and the Missouri Department of

Corrections. It is apparent that the situation before the Court is one in which the plaintiff's allegations simply fail to state claims of constitutional significance, rather than one involving a pleading deficiency that could be remedied by filing an amended complaint. The Court will therefore dismiss this action, without prejudice.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of October, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE